UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUSTIN LEVON BOOKWALTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:14-CR-82 |
| ) | No. 2:17-CV-51 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>MEMORANDUM OPINION</u>

This matter is before the Court on the "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody," [Doc. 221],[1] filed by Justin Levon Bookwalter ("Bookwalter" or "petitioner"). The United States has responded in opposition, [Doc. 223], to which Bookwalter replied. [Doc. 226]. The matter is now ripe for disposition. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be **DENIED**.

I.  **Procedural and Factual Background**

On August 12, 2014, a sealed indictment was filed charging Bookwalter and five co-defendants with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack") in violation of Title 21 United States Code §§ 846, 841(a)(1) and (b)(1)(A). [Doc. 3]. On August 14,

---

[1] All references are to docket entries in case No. 2:14-CR-82 unless otherwise indicated.

1

2015, a plea agreement was filed, [Doc. 121]. Bookwalter agreed to plead guilty to the lesser included offense of Count One, conspiracy to distribute and possess with the intent to distribute 28 grams of "crack" cocaine. [*Id.*]. Bookwalter's change of plea hearing was held on August 27, 2015. [Doc. 130]. A Presentence Investigation Report ("PSR") was filed as to Bookwalter on November 3, 2015. [Doc. 146]. A sentencing hearing took place on March 30, 2016, during which Bookwalter was sentenced to 96 months of imprisonment followed by a five (5) year term of supervised release. [Doc. 192]. Bookwalter did not file a direct appeal, but timely submitted this motion to vacate on April 3, 2017. [Doc. 221].

## II.     Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v.*

*Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). *See also Bousley*, 523 U.S. at 622-23. This hurdle a petitioner faces to excuse procedural default is "intentionally high[,]… for respect for the

finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland* 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the

4

circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

### III. Analysis and Discussion

Petitioner raises two claims of ineffective assistance of counsel in his motion, which he states as follows:

> Ground One: Counsel failed to object to the sentencing enhancement and PSR ¶ 90 on the ground that adjustment for obstruction of justice had nothing to do with defendant's factual case and happened at a time period outside of the conspiracy.

> Ground Two: Bookwalter's appellate attorney was constitutionally ineffective in failing to challenge the sentence enhancement in PSR ¶ 90 given the fact that the offense happened outside of, and after, the conspiracy.

[Doc. 221]. In petitioner's reply, he also argues that, while he does not challenge his conviction or plea agreement, "he is challenging the two-point enhancement" listed in his PSR in paragraph 90. [Doc. 226].

Petitioner's reply was due on or before February 24, 2018. [Doc. 225]. However, the postmark on the envelope indicates that the petitioner did not mail his reply until February 26, 2018. [Doc. 226-1]. Further, petitioner, in his reply filing, argues that the enhancement in his PSR was improperly applied, not that his counsel was ineffective for failing to raise this argument during sentencing or on appeal. Petitioner explicitly waived the right to file a § 2255 motion, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 121 ¶ 10(b)]. A defendant may waive any right, even a constitutional right, if he does so knowingly and voluntarily, and that a waiver provision in a plea agreement is enforceable. *See United States v. Fleming*, 239 F.3d 761, 263-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Here, because petitioner knowingly and voluntarily waived his right to file a § 2255 motion with few exceptions, and this instance does not fall within one of those exceptions, he has waived his right to raise a claim that the guideline enhancement was improperly applied.

The argument challenging the underlying enhancement is also procedurally defaulted because petitioner failed to raise this claim on direct appeal. *See Bousley*, 523 U.S. at 621. Further, petitioner has not attempted to show good cause for failure to raise his claim on appeal, prejudice if unable to proceed, or actual innocence. Therefore, the Court will not consider petitioner's

argument challenging the enhancement, but only the claims for ineffective assistance of counsel, which are properly raised in a § 2255 motion.

### A. Ground One

Petitioner first argues that his attorney was ineffective for failing to object to the sentencing enhancement and paragraph 90 of the PSR. Paragraph 90 adds two points for obstruction of justice, stating that "On September 17, 2013, the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer; therefore, two levels are added. USSG §3C1.2." [Doc. 146]. Petitioner argues that this adjustment "had nothing to do with [his] factual case and happened at a time period outside of the conspiracy." [Doc. 221 at 4]. The government argues that, though the conspiracy ended in April 2013, petitioner's flight from police occurred "after undercover investigators had arranged to buy controlled substances from him," therefore qualifying his flight as relevant conduct under U.S.S.G. § 1B1.3(a)(2). [Doc. 223].

Fatal to petitioner's argument is the fact that the record indicates that his attorney did indeed object to the two-level enhancement for obstruction of justice. [Doc. 153-1]. The U.S. Probation officer responded to this objection in the addendum to the PSR, [Doc. 170], concluding that the enhancement was correctly applied. Bookwalter's attorney again addressed the two-level enhancement in her sentencing memorandum, arguing that Bookwalter was unaware that his pursuers were police officers. [Doc. 190]. It is clear that Bookwalter's attorney objected to paragraph 90 of the PSR, and even continued to argue that the enhancement was not factually supported in her sentencing memorandum. Bookwalter cannot claim that his attorney did not object to this enhancement; that claim is factually disproven by the record in this case.

Bookwalter's claim could be construed as alleging a failure to object on the specific ground that his actions on September 17, 2013 were not relevant conduct to his criminal behavior for which he was convicted, and outside the time frame for the conspiracy. This argument was not presented by petitioner's attorney. However, this argument also lacks merit. It is clear that the flight from law enforcement must be relevant to the offense of conviction. U.S.S.G. § 1B1.3(a). This can include flight in attempt "to avoid detection or responsibility for that offense," *see* § 1B1.3(a)(1), or when flight was "part of the same course of conduct or common scheme or plan as the offense of conviction," *see* § 1B1.3(a)(2). Both of these provisions are implicated here. It appears that Bookwalter was indeed fleeing law enforcement to avoid detection, as he was found with loose currency and crack cocaine on his person, and attempted to discard these items during his flight. [Doc. 146 at ¶ 81]. However, even if Bookwalter did not in fact know that his pursuers were law enforcement officers, he still recklessly endangered the public by way of his driving (at an accelerated rate of speed in a parking lot, driving onto a sidewalk, running a stop sign) during a controlled buy for crack cocaine. Therefore, his flight from authorities was relevant to the offense of conviction for conspiracy to distribute crack cocaine.

At sentencing, this Court considered objections to the PSR, and heard arguments from attorneys based on their sentencing memoranda. The application of this guideline provision has already been thoroughly considered by the Court. Here, petitioner has not identified any evidence not before the Court during sentencing from which this Court could have concluded that the guidelines were improperly applied.

Because Bookwalter's attorney did indeed object to this enhancement, and because the argument Bookwalter insists his attorney should have raised is without merit, Bookwalter cannot

demonstrate that his attorney's omission was the result of unreasonable professional judgment, as required under the first prong of *Strickland*. Therefore, Bookwalter's first ground is without merit.

B.  **Ground Two**

Petitioner next argues that his "appellate attorney"[2] was ineffective for failing to challenge the two-point enhancement. [Doc. 221 at 5]. "[A] lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Regaldo v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003). Where counsel fails to file an appeal after being specifically instructed to do so, a defendant is ordinarily entitled to a delayed direct appeal, regardless of whether such an appeal would be meritorious, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

Here, however, the petitioner has presented no evidence, nor has he even claimed, that he asked counsel to file an appeal for him, and the lack of factual support is fatal to his claim. *See Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *3 (6th Cir. Apr. 15, 1999) (denying relief where a § 2255 petitioner "made no attempt to provide the court with any [relevant] facts" to support his claim that counsel should have filed a direct appeal); *accord O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Nothing in the record indicates that petitioner sought to appeal, made a request of his attorney that she file an appeal on his behalf, or had any meritorious claim for appeal. As noted by the government, "[t]he Sixth Amendment right to counsel is 'only implicated when a defendant actually requests an appeal, and his counsel disregards the request.'" [Doc. 223 at 5 (quoting *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998))].

In addition, petitioner explicitly waived his right to appeal when pleading guilty, unless he received a sentence "above the sentencing guideline range determined by the Court." [Doc. 121 ¶

---

[2] Since petitioner did not file a direct appeal, he had no "appellate attorney," and the Court construes this claim to be one of ineffective assistance of his trial attorney, who did not file a notice of appeal.

10(a)]. His sentence was below the range determined by the district court, so this provision would have barred any appeal. If counsel had filed an appeal regarding petitioner's sentence, the United States would have filed a motion to dismiss based on the appellate-waiver provision in the plea agreement, and such a motion would likely have been granted. *See, e.g., United States v. Sharp*, 442 F.3d 946, 949-52 (6th Cir. 2006) (dismissing an appeal where the defendant had waived the right to appeal when he pleaded guilty). The enforceable appeal-waiver provision makes it less likely that petitioner timely asked counsel to appeal. Because petitioner has not shown, nor even alleged, that he timely instructed counsel to file an appeal on his behalf, his second ineffectiveness claim will be denied as meritless.

**IV.  Conclusion**

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 221], will be **DENIED** and his motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

A certificate of appealability should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will **DENY** a certificate of appealability.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE